**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 31, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

STAR INSURANCE COMPANY;
SAVERS PROPERTY & CASUALTY
INSURANCE COMPANY;
EMPLOYERS REINSURANCE
CORPORATION,

      Plaintiffs-Counter-Defendants -
Appellants,

v.

BERRY INSURANCE AGENCY;
WALTER G. BERRY, III,

      Defendants-Counter-Claimants -
Appellees,

---

ACE AMERICAN INSURANCE
COMPANY,

      Garnishee - Appellee.

No. 06-3337
(D.C. No. 01-CV-2128-CM)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BALDOCK**, and **BRISCOE**, Circuit Judges.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiffs-Appellants Star Insurance Company, Savers Property & Casualty Insurance Company, and Employers Reinsurance Corporation (collectively "Plaintiffs"), appeal from the district court's grant of summary judgment on its garnishment claim in favor of Defendant-Appellee ACE American Insurance Company ("ACE"). The district court held that the insurance policy provides no coverage for Plaintiffs' claims. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

## Background

Plaintiffs seek to garnish a professional liability insurance policy (an errors and omissions policy) issued to Walter G. Berry, III d/b/a Berry Insurance Agency ("Berry") by ACE. The policy is a "claims-made and reported" policy under which claims against the insured must be made and reported to the insurer within the policy term to obtain coverage. The one-year policy term was from January 25, 2001 to January 25, 2002, with a retroactive date of January 25, 1993. Aplt. App. at 67. The policy also contains a basic extended reporting provision which provides specific benefits for 90 days following the end of the policy term. Id. at 76.

On March 16, 2001, and within the policy term, Plaintiffs filed a verified complaint against Mr. Berry alleging various wrongful acts relating to an agency and service agreement between Plaintiffs and Mr. Berry. Id. at 137–53. The

original complaint contained counts for breach of contract, breach of fiduciary duty, declaratory judgment for the ownership of policy expirations, a demand for an equitable accounting, and also sought injunctive relief. Id. Mr. Berry did not report this action to ACE prior to the end of the policy term. Aplt. Reply Br. at 20; see also Aplt. App. at 39. On December 20, 2001, still within the policy term, Plaintiffs moved for leave to file an amended complaint against Mr. Berry. Aplt. App. at 155–58. The amended complaint contains four additional counts alleging negligence, negligent misrepresentation, and fraud. Id. at 103–06. Mr. Berry did not oppose the amendment if the court continued discovery for at least three months. Id. at 160–61. On February 6, 2002, the court granted the motion for leave to amend, and the amended complaint was deemed filed on that date. Id. at 164–65.

On January 28, 2002, three days after the policy term ended, Plaintiffs sent a letter to Crump Services of Houston, Inc. (Crump), the entity to whom the policy directs notice of claim is to be sent, advising of the pending suit and forwarding a copy of the proposed amended complaint. The following day, Crump forwarded the letter and proposed amended complaint to ACE. Id. at 89–108. The parties stipulated that Plaintiffs have no evidence that ACE or Crump learned of the claim set forth in the first amended complaint prior to January 29, 2002. Id. at 39. Plaintiffs admit that no notice was given to ACE of the amended complaint during the 12-month policy period. Aplt. Reply Br. at 20.

-3-

The district court determined that the initial complaint and amended complaint contained claims potentially within the policy, and the reporting provisions of the insurance policy are unambiguous. <u>Star Ins. Co. v. Berry Ins. Agency</u>, No. 01-2128, 2006 WL 2460646, at *5–*6 (D. Kan. Aug. 23, 2006). Coverage was properly denied because Mr. Berry was aware of the original complaint and proposed amended complaint before the expiration of the policy but did not notify ACE until after the policy expired. <u>Id.</u> at *6.

On appeal, Plaintiffs contend that various provisions concerning extended reporting and the policy's duration are ambiguous, and construed properly, the January 28, 2002, notice provided to ACE through its agent timely reported the claim under the 90-day extended reporting period. Alternatively, Plaintiffs contend that the amended complaint did not become a claim under the policy until February 6, 2002, when their amended complaint was deemed filed.


Discussion

In this diversity action, we review the district court's grant of summary judgment de novo applying the same standard as the district court. <u>Thom v. Bristol-Myers Squibb Co.</u>, 353 F.3d 848, 851 (10th Cir. 2003). Summary judgment is appropriate if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The parties agree that Texas law governs the substantive issues given

Kansas conflict of laws rules (based upon place of contract formation). Aplt. Br. at 15; Aplee. Br. at 1. We give no deference to the district court's view of Texas law. Salve Regina College v. Russell, 499 U.S. 225, 231 (1991).

The interpretation of insurance contracts in Texas is governed by general rules of contract construction. Forbau v. Aetna Life Ins. Co., 876 S.W.2d 132, 133 (Tex. 1994). The terms of a contract are considered as a whole and not in isolation. State Farm Life Ins. Co. v. Beaston, 907 S.W.2d 430, 433 (Tex. 1995). An insurance policy is ambiguous if it is subject to two or more reasonable interpretations. Nat'l Union Fire Ins. Co. v. Hudson Energy Co., 811 S.W.2d 552, 555 (Tex. 1991). If a policy is found to be ambiguous, the policy is construed against the insurer. Id.

Plaintiffs first contend that two provisions in the basic extended reporting period make the policy ambiguous, and that the ambiguity should be resolved in favor of the insured. Alternatively, Plaintiffs contend that there is another reasonable interpretation of the basic extended reporting provision in addition to the interpretation of the district court, i.e., whatever is covered during the basic policy period is also covered during the extended reporting period, as long as the wrongful act occurred before the end of the policy period and was reported by the end of the extended reporting period. Although creative, both arguments are entirely without merit given the language of this policy.

Section VI of the policy concerns "Extended Reporting Period Coverage."

-5-

Aplt. App. at 76.   The introduction provides, in part: "Extended Reporting Periods provide additional time in which to report claims that arise from wrongful acts which occur subsequent to the RETROACTIVE DATE but prior to the end of the policy period.  They do not extend the policy period or change the scope of coverage provided by the policy" Id.  Section VI.A provides that a "Basic Extended Reporting Period" is provided without additional charge and extends 90 days from the end of the policy.  Id.  It also provides:  "This automatic extension will cover claims made against you during this 90 day period arising from wrongful acts that took place subsequent to the RETROACTIVE DATE and before the end of the policy period."  Id.

Plaintiffs argue that the district court erred in relying on the last quoted provision to conclude that the basic extended reporting provision is limited to claims made during the 90-day period.  Plaintiffs argue that this interpretation contradicts the introduction to the section because no "additional time" is granted to report these claims made during the 90-day period.

Plaintiffs' argument fails because the policy language cannot reasonably support this interpretation.  Indeed, the Plaintiffs' interpretation is flatly contradicted by the policy.  The introductory language upon which Plaintiffs rely generally indicates that additional time is provided to report claims based on wrongful acts during the policy period under one of two extended reporting provisions, but that sentence does not state which claims receive the additional

-6-

time to report. Plaintiffs interpret this sentence to include claims made <u>prior</u> to the end of the policy period. However, Plaintiffs' interpretation conflicts with Section VI.A which specifies that the claims that receive additional time are those "made against you during this 90 day period." <u>Id.</u> Of course, contracts are to be read as a whole. <u>State Farm</u>, 907 S.W.2d at 433.

Other provisions of the policy support this interpretation as well. In highlighting that this is a "claims made and reported" policy, the preamble to the policy distinguishes between claims "which are first made against you and reported to us while this policy is in force" and claims "first made against you and reported to us after the end of the policy term." Aplt. App. at 71 (capitalization in original omitted). It indicates that the policy provides coverage for the first set of claims, but not for the second set of claims "unless, and to the extent, an extended reporting period applies." <u>Id.</u> (capitalization in original omitted). Thus, the policy draws a distinction in the coverage provided based upon when the claims are made and reported to the insurer. This clear distinction eliminates any ambiguity in the "additional time" language in the Extended Reporting Period Coverage section. For these same reasons, Plaintiffs' argument that there is another reasonable interpretation of the provision also fails.

Plaintiffs also contend that other provisions in the policy cause the policy's extended reporting provision to be ambiguous. Plaintiffs contend that the terms "policy term," "policy period," and when the policy is "in force" are ambiguous

in defining the coverage window in relation to the basic extended reporting period. Aplt. Br. at 18–20. However, we need not address these arguments as they were not presented to the district court. See Southern Hospitality, Inc. v. Zurich Am. Ins. Co., 393 F.3d 1137, 1142 (10th Cir. 2004) (noting that "a new theory on appeal that falls under the same general category as an argument presented to the trial court . . . will not be considered on appeal") (alterations omitted).

Plaintiffs also contend that the district court improperly concluded that the insured was not diligent in giving notice, even if the extended reporting period applied. They challenge the district court's reliance on the "eight corners" rule in concluding that the initial and amended complaints required notice to ACE. "Under the eight-corners . . . rule, an insurer's duty to defend is determined by the third-party plaintiff's pleadings, considered in light of the policy provisions, [and] . . . [t]he rule takes its name from the fact that only [these] two documents are ordinarily relevant to the determination of the duty to defend . . . ." GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church, 197 S.W.3d 305, 308 (Tex. 2006). Plaintiffs suggest that even if the insured did not give notice of the initial complaint, the proposed amended complaint contained new claims, that coverage is determined by claim, and that diligence is a question of fact.

Regardless of the district court's reference to the "eight corners" rule, the claims in the initial complaint and the proposed amended complaint implicated

the policy.  See Nat'l Union Fire Ins. Co. v. Willis, 296 F.3d 336, 342–43 (5th Cir. 2002).  Plaintiffs' contentions that the initial complaint was only for misappropriated premiums, and that the amended complaint did not overlap are not supported by the record.  As we have discussed, Mr. Berry had notice of both the initial complaint and the proposed amended complaint within the policy period and did not notify ACE; therefore, there is no coverage.  We need not address these  arguments further.

Plaintiffs' next argument is that claims may be eligible for reporting more than once, and alternatively that the amended complaint only became a claim once the district court granted leave to file the amended complaint in February 2002.  Insofar as an option exists to defer reporting a claim until the extended reporting period, Plaintiffs argue that the extended reporting provision does not contain a limitation contained in other policy provisions—defining coverage in terms of "claims first made against you."  Aplt. App. at 71, 77 (supplemental extended reporting provision).  This argument was not raised below, and this court need not address it.  See Southern Hospitality, 393 F.3d at 1142.

Regarding the contention that notice was not required until the amended complaint was filed, Plaintiffs reason that the pleading did not have "legal effect" as a claim until the district court granted the motion for leave to amend the initial complaint.  If the amended complaint became a claim in February 2002, then Plaintiffs argue the claim was timely reported to ACE and satisfies the

requirements for coverage under the basic extended reporting provision.

The policy defines a claim as "a written demand received by you for money or professional services including the serving of a suit or receipt of notification of arbitration which alleges a wrongful act by you or any other person for whose wrongful acts you are legally responsible." Aplt. App. at 72. The proposed amended complaint falls within this definition. The proposed amended complaint is a written demand that the insured Mr. Berry received demanding both money and professional services. The proposed amended complaint alleges additional damages and wrongful conduct by the insured, including four new counts alleging negligence, negligent misrepresentation, and fraud. See id. at 103–06.

The district court's grant of the motion for leave to file the amended complaint is irrelevant to this analysis because the definition of a claim does not specify that the claim must be filed in a legal proceeding, only that it must be a written demand alleging a wrongful act and received by the insured. For example, a letter sent to the insured alleging wrongful conduct and demanding money or professional services would constitute a claim under the policy. Plaintiffs raised many minor arguments dependent upon the court adopting their construction of the policy. We have considered these other arguments and find

them without merit, though not individually discussed.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge